Isadore Bookstein, J.
Under usual circumstances, the custody of a child of such tender age is almost invariably awarded to the mother. It may be wondered, however, whether the circumstances here are not unusual.
The parties to this proceeding were married in the Presbyterian Church, in which the child was subsequently baptized.
During the fall of 1957, the petitioner joined a religious sect known as Jehovah’s Witnesses. Largely as a result of the change in petitioner’s religious faith, a clash developed between the parties which led to their ultimate separation. Respondent claims that the petitioner has been absorbed by activities in her newly embraced faith, attends meetings of the sect, and engages in work for it, as a result of which she has allegedly neglected the child.
Respondent has also contended that one of the tenets of Jehovah’s Witnesses bars blood transfusions, however essential *1068 such device may he deemed by medical experts. He has claimed that petitioner would not permit a blood transfusion for the child even though the child’s life might be thereby saved, and further contends that the sect accepts the principle that the death of the child constitutes ‘ ‘ saving the child ’ ’.
Petitioner, of course, enjoys her constitutional right to freedom of religion and may practice the religious faith of her choice without interference. She has not, however, the right to impose upon an innocent child the hazards to it flowing from her own religious convictions. The welfare of the child is paramount. If medical science requires a blood transfusion to preserve the child’s life, the child should not be deprived of life because the mother’s religious persuasion opposes such transfusion.
The child has a right to survival and a chance to live and the court has a duty to extend its protecting arm to the child. It is of no concern to the court what religious preference the parents may elect. The best interests of the child are the primary concern in all custody conflicts and not the desires of either the mother or father. In this case, the father has demonstrated great interest in and affection for the child. He has previously had the custody of an infant son from a prior marriage, whom he has reared and who is now a college student.
Petitioner has had an unusual experience in having been in the custody of her divorced father until a comparatively recent date. She has elected to reside with her mother, however, if the child’s custody is awarded to her. Her mother is likewise an adherent of Jehovah’s Witnesses. Both the petitioner and her mother will be obliged to secure employment and would, therefore, necessarily have to make arrangements for the care of the child.
The respondent, who resides above his shop in a respectable neighborhood, has already engaged the services of a competent person through the Child Care Center of Schenectady to assist in caring for the child.
Conscious of its deep responsibility and despite the tender age of the child, it is the considered judgment of this court that the child’s best interests will be served by awarding his custody to the respondent, his father.
Petitioner shall have reasonable visitation rights. If the parties cannot agree thereon, the court will fix them in the order to be entered.
Petition and writ dismissed upon the merits.
Submit order.