Frank S. Samansky, J.
The petitioner hospital moves for an order authorizing the administration of transfusions of blood *915 or plasma to aid in the treatment of a seriously burned infant presently hospitalized with third degree burns.
The parents of the infant object on the ground of religion to the use of transfusions in the aid of their critically injured child, despite the urgent recommendations of the attending physicians and the physician who took the stand and testified herein that this procedure is of prime importance if the life of their child is to be saved.
The physician testified here that the death of the child as a result of burns is imminent, if these transfusions are not administered ; that the child suffered third degree burns over 25% of its body and that without the aid of transfusions, death could occur in as short a time as five hours from the time of this hearing.
Now, since this application is primarily one which vitally affects the welfare of the infant only five years of age, this proceeding will be considered as a hearing on a writ of habeas corpus, involving the custody of this infant. There is no question that in determining custody of an infant under any circumstances, the court must make a decision.
All of the authorities that could be cited, and they are too numerous to mention, are based solely on the welfare of the infant. However, the court does make reference to the case of Battaglia v. Battaglia (9 Misc 2d 1067). The authorities state the court must act in relation to the infant as “ parens patries.” In this context, the court has paramount rights to decide what is best for the infant even over that of the natural parents.
All of the uncontradicted medical testimony adduced at this hearing points in only one direction. The welfare of this child could be seriously, indeed fatally endangered if this medical procedure, as outlined by the physician testifying, is not followed. The court is convinced after hearing the doctor that this child will die if the procedure is not followed.
Hence, the decision of this court is that the writ of habeas corpus is sustained to the extent that Joseph Y. Terenzio, of the Brooklyn Hospital, is awarded the limited and temporary custody of the subject infant for the purpose of consenting to the necessary medical and/or surgical procedures in the treatment of this child. The administrator of the Brooklyn Hospital is therefore appointed as the guardian, limited and temporary, for the purposes expressed.